UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWNTAE STRAIT,

       Plaintiff,                                         No. 18-12776

v.                                                  Honorable Nancy G. Edmunds

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S AUGUST 15, 2019 REPORT AND RECOMMENDATION [20]**

**I.    Background**

Plaintiff filed this action seeking review of the Commissioner of Social Security's decision denying her applications for disability insurance benefits and supplemental security income. The Court referred the matter to the Magistrate Judge, who recommends denying Plaintiff's motion to remand, granting Defendant's motion for summary judgment, and affirming the Commissioner's decision. (Dkt. 20.) Plaintiff makes two objections to the Magistrate Judge's report and recommendation, and Defendant has responded to those objections. (Dkts. 21, 22.) Having conducted a *de novo* review of the parts of the Magistrate Judge's report to which specific objections have been filed, the Court OVERRULES Plaintiff's objections and ACCEPTS and ADOPTS the report and recommendation. As a result, the Court DENIES Plaintiff's motion to remand (Dkt. 15); GRANTS Defendant's motion for summary judgment (Dkt.

1

17); and AFFIRMS the decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).

II.     **Standard of Review**

   **A.  *De Novo* Review of Objections**

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *See also* 28 U.S.C. § 636(b)(1).

   **B.  Substantial Evidence Standard**

"This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record."  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)).  Substantial evidence is "'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports another conclusion, *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).  "The substantial evidence standard presupposes that there is a 'zone of

choice' within which the [Commissioner] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

## III. Analysis

Plaintiff makes two objections to the Magistrate Judge's report and recommendation. First, Plaintiff argues that the Magistrate Judge erred when he found that the administrative law judge ("ALJ") gave proper consideration to the opinion of Plaintiff's mental health professional, Ms. Samantha Schalk. Second, Plaintiff argues that the Magistrate Judge did not address her argument that the ALJ's residual functional capacity ("RFC") assessment was not supported by substantial evidence.

### A. Plaintiff's First Objection

Plaintiff argues that because the medical evidence supports the findings of Ms. Schalk, not only did the ALJ err when he did not make a finding of disability at step three of the analysis but also the RFC is defective because it did not encompass Ms. Schalk's findings.

As Defendant notes, Plaintiff is primarily rehashing an argument she previously raised in her motion for remand.

> This Court is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources.

*Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 U.S. Dist. LEXIS 44411, at *8 (W.D. Mich. Mar. 28, 2013) (citations omitted). Nonetheless, the Court has considered

Plaintiff's argument regarding the opinion of Ms. Schalk.  The Court agrees with the Magistrate Judge.

The Magistrate Judge first noted that because Ms. Schalk was a social worker and not an "acceptable medical source," the ALJ was not required to give her opinion controlling weight.  See SSR 06-03p, 2006 SSR LEXIS 5, at *2-4 (Jan. 1, 2006).  Instead, Ms. Schalk's opinion was entitled to consideration along with all relevant evidence in the record.  See id. at *10.  Here, the ALJ noted that while Ms. Schalk had opined that Plaintiff had marked deficits in concentration, persistence, and pace, and extreme difficulties in social functioning, Ms. Schalk's own treatment notes, along with the medical record as a whole, indicated stable mental functioning.  (See dkt. 9-2, PgID 54-55.)  The ALJ noted that Plaintiff "presented with virtually no mental symptoms when being evaluated for bariatric surgery," her "mental symptoms appeared situational in nature and exacerbated by family stressors," and she engaged in "robust activities of daily living."  (Id.)  Thus, the ALJ did not err by giving Ms. Schalk's opinion little weight.

To the extent Plaintiff points to her reports of anxiety and panic attacks to her healthcare professionals, these subjective complaints "are not opinions regarding her limitations or restrictions."  See McCready v. Comm'r of Soc. Sec., No. 10-13893, 2012 U.S. Dist. LEXIS 43551, at *23 (E.D. Mich. Mar. 2, 2012).  Moreover, the ALJ recognized that Plaintiff has severe mental impairments "variously described as depression and anxiety," (dkt. 9-2, PgID 49), and fashioned a RFC in which Plaintiff would be limited "to simple tasks, occasional interaction with supervisors and coworkers, no team or tandem work, no public contact, and few changes in the work setting," (id. at PgID 55).  In fact, this is more limiting than what the psychological

4

consultative examiner and the state agency consultant opined she could do. (*See id.* at PgID 54-55.) Thus, the Court finds that the ALJ's RFC determination properly accounted for the limitations arising from Plaintiff's mental health impairments, and Plaintiff's first objection is overruled.

### B. Plaintiff's Second Objection

Plaintiff asserts that the Magistrate Judge did not address her argument that the RFC assessment was not supported by substantial evidence. Plaintiff further argues that the ALJ erred by relying on the testimony of the vocational expert because the hypothetical question posed did not include all of her limitations.

To the extent Plaintiff makes the same arguments she made in her first objection, the Court need not address these arguments again. And while Plaintiff argues that the RFC did not take into account Ms. Schalk's opinion that Plaintiff would miss three or more days of work per month, even if Ms. Schalk was an acceptable medical source, this opinion is not entitled to deference. *See, e.g.*, *Stojic v. Comm'r of Soc. Sec.*, No. 1:14-cv-1133, 2015 U.S. Dist. LEXIS 168615, at *10 (W.D. Mich. Dec. 17, 2015) ("predictions of how often Plaintiff would likely be off task and miss work were conjecture, not a medical opinion").

As Defendant notes, the Magistrate Judge acknowledged Plaintiff's argument regarding the RFC but found the ALJ's determination "well within the 'zone of choice' accorded to the fact-finder at the administrative hearing level." (*See* dkt. 20, PgID 1204 (citing *Mullen*, 800 F.2d at 545)). And the ALJ did not err by relying on the vocational expert's response to a hypothetical question which included "only those limitations accepted as credible by the finder of fact." *See Casey v. Sec'y of Health & Human*

*Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). In sum, the Court agrees with the Magistrate Judge that there is substantial evidence supporting the ALJ's RFC determination and, thus, Plaintiff's second objection is overruled.

## IV. Conclusion

For the foregoing reasons, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation. The Court therefore DENIES Plaintiff's motion to remand (Dkt. 15); GRANTS Defendant's motion for summary judgment (Dkt. 17); and AFFIRMS the decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).

SO ORDERED.

                s/Nancy G. Edmunds
                Nancy G. Edmunds
                United States District Judge

Dated: September 25, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 25, 2019, by electronic and/or ordinary mail.

                s/Lisa Bartlett
                Case Manager